IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

VICTOR ALEJANDRO TROCHE

    Debtor

CASE NO.  21-00550 ESL

CHAPTER 13

VICTOR ALEJANDRO TROCHE

    Plaintiff

vs.

U.S. DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT
(HUD), et als.

    Defendants

ADV. PROC. 21-00056

OPINION AND ORDER

This adversary proceeding is before the court upon the motion for summary judgment filed by the debtor/plaintiff on August 4, 2021 (dkt. #18).  Plaintiff requests that summary judgment be entered in his favor: (1) declaring that the value of the real property which serves as the collateral to the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT ("HUD") is the amount claimed in the amended complaint ($117,000.00); 92) determining that HUD's claim ("POC 1") is wholly unsecured; (3) voiding the junior lien in favor of HUD once the plaintiff has complied with all the terms of his Chapter 13 plan; and (4) ordering the defendant HUD to furnish the original mortgage note to the Plaintiff after he receives his order of discharge upon completion of all plan payments.

The amended complaint was duly served (See dkt. nos. 4, 5, 6, and 7.) and has not been answered.  Upon plaintiff's request (dkt. #13) default was entered against HUD on July 23, 2021 (dkt. #16). Notwithstanding, the plaintiff moved for summary judgment to seek a decision on the

-1-

merits and not by default. See plaintiff's answer (dkt. #22) to this court's order. HUD has not opposed the motion for summary judgment and on September 17, 2021 plaintiff moved the court for the entry of summary judgment in his favor (dkt. #25).

This court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Fed. Rs. Bankr .P. 7001(2) and 7001(9), to determine the validity, priority or extent of a lien or other interest in the property and to obtain a declaratory judgment relating to such validity or priority.

Facts:

The collateral securing the junior lien in favor of HUD (See POC#1-1 in the amount of $26,465.33.) is the property listed in the Amended Schedule A/B as: Residential Property located at Urb Country Club Calle Labrador No. 953 in San Juan, Puerto Rico (the property). The legal description in the Spanish language is:

Finca número 5,124, inscrita al folio 116 del tomo 119 de Sabana Llana, sección V de San Juan. Solar marcado con el número diecisiete (17) del bloque "AK" del plano de inscripción de la Urbanización Extensión Country Club, situado en el barrio Sabana de la municipalidad de Río Piedras, San Juan, Puerto Rico, con una cabida superficial de trescientos punto quince metros cuadrados (300.15 m.c.) y colinda por el NORTE, en trece metros y cinco centímetros, con el solar número veinte (20) del mencionado plano de inscripción; por el SUR, en trece metros y cinco centímetros, con la Calle denominada "Calle número cincuenta y ocho (58) del mencionado plano de inscripción; por el ESTE, veintitrés metros, con el solar número dieciséis (16) del mencionado plano; por el OESTE, en veintitrés metros, con el solar número dieciocho (18) del mencionado plano de inscripción. Contiene una casa terrera de concreto armado y bloques dedicada a residencia.

The property is encumbered by a lien senior to the junior mortgage, as reflected in the title study provided by HUD's supporting documents to its POC-1-1. The claim and/or amount owed to a mortgage creditor that holds a lien on the property, senior to the junior mortgage, total $119,969.72, as evidenced by proof of claim #4 filed by Firstbank Puerto Rico in bankruptcy lead case. There is no equity in the real property after payment in full of the lien senior to the junior mortgage. For the purposes of this motion, the senior lien is presumed to be properly recorded in

-2-

favor of Firstbank. The value of HUD's secured interest in the real property, as it pertains to the junior lien, is zero.

Standard for Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; see also, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202–203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205–206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d

-3-

461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560–61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958, 111 S.Ct. 387, 112 L.Ed.2d 397 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325, 106 S.Ct. 2548. See also Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The

-4-

nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. <u>Adickes</u>, 398 U.S. at 159, 90 S.Ct. 1598.

<u>Extent of Security Under Section 506</u>

The applicable law and standards when adjudicating a request to determine that a junior lien can be stripped off pursuant to Section 506(a) of the Bankruptcy Code were summarized by this court in <u>Cruz Rodriguez v. FirstBank P. R. (In re Rodriguez)</u>, 517 B.R. 404 (Bankr. P.R. 2014), as follows:

> Section 506 of the Bankruptcy Code governs the determination of whether a claim is secured, partially secured or unsecured. Section 506(a)(1) explains the bifurcation of an allowed claim into secured and unsecured portions, the secured part being "secured" by the collateral's value and the unsecured part being the remaining amount of the claim in excess of the collateral's value:

>> An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest. 11 U.S.C. § 506(a)(1).

> Therefore, "under 11 U.S.C. § 506(a), an under-secured creditor's claim is split (bifurcated) into two claims: (a) a secured claim equal to the value of the collateral; and (b) an unsecured claim equal to the amount by which the allowed claim exceeds the value of the collateral." <u>In re Moore</u>, 275 B.R. 390, 392 (Bankr.D.Colo.2002)."

> With regards to the applicability of §506 to a Chapter 13 case, this court concluded:

>> "For Chapter 13 cases, like the instant one, the foregoing must be read in conjunction with Section 1322 of the Bankruptcy Code. Section 1322(b)(2) allows a Chapter 13 debtor to "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence". 11 U.S.C. § 1322(b)(2). A "debtor's principal residence":

(A) means a residential structure, including incidental property, without regard to whether that structure is attached to real property; and
(B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer. 11 U.S.C. § 101(13A).

A majority of courts have held that a junior mortgagee whose lien is supported by no equity can be treated as an unsecured creditor and its lien "stripped off" by the debtor's Chapter 13 plan. For instance, the Second, Third, Fifth, Sixth, Ninth, and Eleventh Circuits have ruled that such strip off is permissible. See e.g. In re Pond, 252 F.3d 122 (2nd Cir.2001); In re McDonald, 205 F.3d 606 (3rd Cir.2000); First Mariner Bank v. Johnson, 2011 U.S.App. Lexis 402 (4th Cir.Md.2011); In re Bartee, 212 F.3d 277 (5th Cir.2000); In re Lane, 280 F.3d 663 (6th Cir.2002); In re Zimmer, 313 F.3d 1220 (9th Cir.2002); In re Tanner, 217 F.3d 1357 (11th Cir.2000). The Bankruptcy Appellate Panel for the First Circuit has ruled that Section 1322(b)(2) does not bar a Chapter 13 debtor from stripping off a wholly unsecured lien on his principal residence. See Domestic Bank v. Mann (In re-Mann), 249 B.R. 831 (1st Cir. BAP 2000)."

This Bankruptcy Court has addressed the applicability of the exception provided by 11 U.S.C. §1322(b)(2) when the request for the modification of a lien is one recorded in debtor's principal residence. This section essentially allows a Chapter 13 plan to "(b) Subject to subsections (a) and (c) of this section, the plan may— (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."

In In re Roman, 2015 WL 7924761 (Bankr. P.R. 2015), this court held that while in chapter 13 cases the stripping down of an under-secured lien is not allowed when the collateral is debtor's residence pursuant to  11 U.S.C. §1322(b) (2), the exception does not apply when the junior lienholder is totally unsecured. The court adopted the rationale of the following decisions in the chapter 13 context: In re Boukatch, 533 B.R. 292 (9th Cir. BAP 2015); In re-Ricci-Breen, 2015 WL 5156617 (Bkrtcy. S.D.N.Y.); In the matter of Osbourn, 2015 WL 5604442 (Bkrtcy. D. Neb.); In re Grossman, 2015 WL 3932381 (Bankr. D. P. R.) (Tester, BJ).  Notwithstanding, although a wholly unsecured junior mortgage lien over a debtor's principal residence is not

protected by the anti-modification statute [11 U.S.C. §1322(b) (2)], the debtor is not entitled to an order voiding the lien prior to completion of all payments under the plan. In re-Cruz Rodriguez, 517 B.R. 404 (Bankr. D. P. R. 2015) (Lamoutte, BJ).

Discussion

The uncontested fact show that the junior lien held by HUD over debtor's residence is totally unsecured. Thus, the same is subject to modification in the instant chapter 13 case. However, the order voiding the lien is stayed pending the completion of all payments under the confirmed plan.

Conclusion

In view of the foregoing, summary judgment is hereby entered in plaintiff's favor declaring that the value of the real property which serves as the collateral to the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT ("HUD") is the amount claimed in the amended complaint ($117,000.00); determining that HUD's claim is wholly unsecured. The junior lien in favor of HUD shall be voided once the plaintiff has complied with all the terms of his Chapter 13 plan; and the defendant HUD shall furnish the original mortgage note to the Plaintiff after he receives his order of discharge upon completion of all plan payments.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of October 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge